FILED

2014 FEB 28 PM 12: 22

U.S. DISTRICT COURT
M.D. OF FLORIDA

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA

ELEANOR M. TORTOSO,

    Plaintiff,

v.

Civil Action No. 8:14cv508T23MAP

COMMERCIAL RECOVERY SYSTEMS,
INC.; and
DOE 1-5

    Defendants.

## COMPLAINT
### (Jury Trial Demanded)

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court exercises jurisdiction under 15 U.S.C. 1692k, 28 U.S.C. §§ 1331, 1337, and 1367. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein against Plaintiff while Plaintiff so resided.



1

## PARTIES

3. Plaintiff, ELEANOR M. TORTOSO (hereinafter "Plaintiff" or "Mrs. Tortoso"), is a natural person residing in Sarasota, Florida. Defendant COMMERCIAL RECOVERY SYSTEMS, INC. is believed to be a Texas corporation with a principle place of business at 8035 East R.L. Thornton Freeway, Suite 205, in Dallas, Texas.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. COMMERCIAL RECOVERY SYSTEMS, INC. and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants engaged in an attempt to collect a consumer credit card debt allegedly owed by Mrs. Tortoso.

8. Mrs. Tortoso is 84 years old and resides with her son. A single landline phone is in service at the household. Mrs. Tortoso's son maintains an answering machine on the home phone.

2

9. On March 4, 2013, Defendants left a message on the household phone used by Mrs. Tortoso's son, the content of which is substantially as follows: "This message is for Eleanor Tortoso. If you are not Eleanor please disconnect. If you are Eleanor Tortoso, please continue listening... There will now be a pause... By continuing to listen, you acknowledge you are Eleanor Tortoso. This message contains private information. Do not listen where others can hear, there will now be another short pause... This is Chastity Bryant from Collection Recovery Systems... This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me at 1-800-214-5332 regarding account #3826338."

10. On April 11, 2013, Defendants left a message on the household phone used by Mrs. Tortoso's son, the content of which is substantially as follows: "This message is for Eleanor Tortoso. If you are not Eleanor please disconnect. If you are Eleanor Tortoso, please continue listening... There will now be a pause... By continuing to listen, you acknowledge you are Eleanor Tortoso. This message contains private information. Do not listen where others can hear, there will now be another short pause... This is Mikela Dickerson from Collection Recovery Systems... This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me at 1-800-214-5332 regarding account #3826338."

11. On April 24, 2013, Defendants left a message on the household phone used by Mrs. Tortoso's son, the content of which is substantially as follows: "This message is for Eleanor Tortoso. If you are not Eleanor please disconnect. If you are Eleanor Tortoso, please continue listening... There will now be a pause... By continuing to listen, you acknowledge you are Eleanor Tortoso. This message contains private information. Do not listen where others can hear, there will now be another short pause... This is Demal Jackson from Collection Recovery

Systems... This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me at 1-800-214-5332 regarding account #3826338."

12. On May 22, 2013, Defendants left a message on the household phone used by Mrs. Tortoso's son, the content of which is substantially as follows: "This message is for Eleanor Tortoso. If you are not Eleanor please disconnect. If you are Eleanor Tortoso, please continue listening... There will now be a pause... By continuing to listen, you acknowledge you are Eleanor Tortoso. This message contains private information. Do not listen where others can hear, there will now be another short pause... This is Ron Thamus from Collection Recovery Systems... This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me at 1-800-214-5332 regarding account #3826338."

13. Mrs. Tortoso's son, acting reasonably in not wanting the delete messages that may be of importance, medical related or otherwise, listened to the messages.

14. Defendants continued to leave dozens of messages. Increasingly harassed by Defendants incessant calls and messages, Mrs. Tortoso obtained counsel with Centennial Law Offices.

15. On June 27, 2013, staff from Centennial Law Offices contacted Defendants by telephone, advised them that Mrs. Tortoso was represented by counsel, and provided counsel's contact information.

16. Defendants continued to call and leave messages for Mrs. Tortoso through at least August 7, 2013. Defendants made at least six such calls to Mrs. Tortoso after having actual knowledge that she was represented by counsel.

17. At no point in time did Mrs. Tortoso authorize Defendants to communicate with her son regarding any debts she allegedly owed. At no point in time did Defendants contact Mrs.

Tortoso's counsel. Plaintiff nor her counsel consented to Defendants continuing to contact Plaintiff after being informed that she was represented by counsel.

18. As a direct result of the collection activity herein alleged, Mrs. Tortoso incurred legal fees of $2,355.00.

## CAUSES OF ACTION

### COUNT I

19. Plaintiff re-alleges paragraphs 1 through 18, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(b) by communicating, in connection with the collection of a debt, with a third-party without Plaintiff's consent.

### COUNT II

20. Plaintiff re-alleges paragraphs 1 through 18, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d by engaging in conduct, including but not limited to excessive calls and communications after being informed that Plaintiff was represented by counsel, the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

### COUNT III

21. Plaintiff re-alleges paragraphs 1 through 18, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and

herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff by continuing to make collection calls to Plaintiff after having actual knowledge that Plaintiff was represented by counsel and having the means to contact Plaintiff's counsel.

### COUNT IV

22. Plaintiff re-alleges paragraphs 1 through 18, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated F.S.A. § 559.72(7) by engaging in conduct, including but not limited to excessive calls and communications after being informed that Plaintiff was represented by counsel, which could reasonably have been expected to abuse or harass Plaintiff in connection with the collection of a debt.

### COUNT V

23. Plaintiff re-alleges paragraphs 1 through 18, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated F.S.A. § 559.72(18) by continuing to make collection calls to Plaintiff after having actual knowledge that Plaintiff was represented by counsel and having the means to contact Plaintiff's counsel.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for damages as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(2);

2.) For statutory damages in the amount of $7,000.00 pursuant to F.S.A. § 559.77(2);

3.) For actual damages of $2,355.00 in legal costs incurred in responding to unlawful collection activity pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

6.) For the costs of this lawsuit pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

7.) Punitive damages, pursuant to F.S.A. § 559.77(2); and

8.) For any other and further relief that the court considers proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Date: February 19, 2014

_____
MEGAN LYONS, ESQ.
Attorney for Plaintiff ELEANOR M. TORTOSO
Lyons Law (Of counsel for Centennial Law Offices)
2014 East Robinson Street
Orlando, Florida 32803
407-476-3437
info@fiercerepresentation.com